## CIRCUIT COURT OF FAIRFAX COUNTY

Freedman

v.

Freedman

September 26, 1991

Case No. (Law) 107721

By JUDGE JOHANNA L. FITZPATRICK

This matter is before the Court on the motion of the Defendant, Lawrence E. Freedman, to dismiss the Motion for Judgment filed in this case. I have carefully reviewed the pleadings, motions and applicable authority, as well as the arguments of counsel. For the reasons set forth below, Defendant's motion to dismiss is denied.

Plaintiff alleges in her motion for judgment that on or about August 5, 1989, the Defendant herein committed a tortious act of assault upon her person. The Plaintiff commenced this action by the filing of her Motion for Judgment on August 5, 1991. Thereafter, the Defendant was served by posting on August 16, 1991, and the Defendant then filed an Answer, Demurrer and this Motion to Dismiss on September 4, 1991.

The parties have not disputed the date of the alleged assault. Rather, Defendant asserts that the Plaintiff is barred from prosecuting this action by the Virginia Statute of Limitations, specifically § 8.01-243 of the Virginia Code of 1950, as amended. That section provides that "every action for personal injuries . . . shall be brought within two years after the cause of action accrues." Under Section 8.01-230 of the Virginia Code of 1950, as amended, the cause of action is "deemed to accrue and the prescribed limitation period shall begin to run from the date the

injury is sustained." *id*. I am unpersuaded by the Defendant's unique interpretation of these sections (which he has not supported by any cited authority) which would require a Plaintiff injured on August 5, 1989, to file an action by August 4, 1991.

Section 1-13.3 of the Virginia Code is dispositive of the issue at bar. That section clearly states "when a statute or rule of court requires a notice to be given or any other act to be done within a certain time after any event or judgment, that time shall be allowed in addition to the day on which the event or judgment occurred." Therefore, I find that Plaintiff's motion for judgment, filed with this Court on August 5, 1991, was timely filed and not time-barred under our statute of limitations.

In addition, the Court notes that the date which Defendant incorrectly claims to be the last day Plaintiff was entitled to file, to wit: August 4, 1991, falls upon a Sunday. Under § 1-13.3:1 of the Virginia Code of 1950, as amended, the Plaintiff would be entitled to file on the next day that is not a Saturday, Sunday or legal holiday. Therefore, Defendant's motion to dismiss is without merit and is denied.